UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BRYAN VLADIMIR CHACON-
MATOZO,

                    Petitioner,

v.

KEVIN RAYCRAFT et al.,

                    Respondents.
_____/

Case No. 1:26-cv-2074

Honorable Jane M. Beckering

**OPINION**

       Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a brief in support of his petition.[1] (Pet., ECF No. 1; Br. Supp., ECF No. 2.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I.     Procedural History**

       In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or to provide Petitioner with another bond hearing. (Pet., ECF No. 1, PageID.6.)

---

[1] Along with his petition and brief in support, Petitioner filed a motion to expedite consideration of his petition for writ of habeas corpus, (ECF No. 3). This motion (ECF No. 3) is resolved by the issuance of the Court's opinion and judgment, and thus, moot.

On July 16, 2026, Respondents filed an initial response to the petition. (ECF No. 5.) Thereafter, in an Order entered on July 20, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 8.) In response, Respondents filed a second response and a recording of the February 11, 2026, bond hearing on July 21, 2026. (Resp., ECF No. 9; Recording of Feb. 11, 2026, Bond Hearing, filed on July 21, 2026.)

## II.    Relevant Factual Background

Petitioner is a citizen of El Salvador who entered the United States in 2019. (Form I-213, ECF No. 2-6, PageID.33.) On November 23, 2025, Petitioner was arrested by ICE in Centreville, Michigan. (*Id.*)

On February 11, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.3.) At the conclusion of the February 11, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "The Department of Homeland Security has proven by clear & convincing evidence that the [Petitioner] is a danger to the community and that there are no conditions or combination of conditions that would reasonably assure the safety of the community." (Immigration Judge Order, ECF No. 2-5, PageID.27.)

## III.   Discussion

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on February 11, 2026. The Detroit Immigration Court denied Petitioner's request for a bond, stating: "The Department of Homeland Security has proven by clear & convincing evidence that the [Petitioner] is a danger to the community and that there are no conditions or combination of conditions that would reasonably assure the safety of the community." (Immigration Judge Order, ECF No. 2-5, PageID.27.)

In Petitioner's § 2241 petition, Petitioner argues that material circumstances have changed since the February 11, 2026, bond hearing, that the length of his continued detention violates the Fifth Amendment, and that any issue regarding whether he presents a present danger or a flight risk can be addressed through bond supervision, reporting, electronic monitoring, treatment requirements, driving restrictions, or other less restrictive conditions than detention. (Pet., ECF No. 1, PageID.4–5.) Respondent argues, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies. (Resp., ECF No. 5, Br., ECF No. 9.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). And, if the noncitizen believes that the circumstances have changed materially since an initial bond redetermination, the noncitizen can request a subsequent bond redetermination by submitting a written request in the Immigration Court.

3

8 C.F.R. § 1003.19(e). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, Petitioner argues that his detention violates the Due Process Clause of the Fifth Amendment and argues that his circumstances have changed since the February 11, 2026, bond hearing.[2] Although Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court pursuant to 8 C.F.R. § 1003.19(e). Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised before the Immigration Court or to the BIA, as applicable. Therefore, Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case.

### Conclusion

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.


Dated:      August 4, 2026                              /s/ Jane M. Beckering
                                                        Jane M. Beckering
                                                        United States District Judge

---

[2] To the extent that Petitioner intended to claim that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing, based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing.